IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., PF PRISM C.V., PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V., PF PRISM IMB B.V. and PFIZER MANUFACTURING HOLDINGS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS LIMITED and GLENMARK PHARMACEUTICALS INC., USA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Pfizer Inc., PF PRISM C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., PF PRISM IMB B.V., and Pfizer Manufacturing Holdings LLC (collectively "Pfizer"), file this Complaint for patent infringement against Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA (collectively, "Defendants" or "Glenmark"), and by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission of Abbreviated New Drug Application ("ANDA") No. 213235 submitted to the U.S. Food and Drug Administration ("FDA") in the name of Glenmark Pharmaceuticals Limited seeking approval to manufacture and sell a generic version of Pfizer's Inlyta® (axitinib) tablets, 1 mg and 5 mg, ("Inlyta®") prior to the expiration of U.S. Patent No. 8,791,140 ("the '140 patent").

2. Glenmark Pharmaceuticals Limited notified Pfizer by letter dated May 13, 2019 ("Glenmark's Notice Letter") that it had submitted to the FDA ANDA No. 213235 ("Glenmark's ANDA"), with a Paragraph IV certification, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic axitinib tablets, 1 mg and 5 mg ("Glenmark's ANDA Product"), prior to the expiration of the '140 patent.

## PARTIES

3. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.

4. Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, that for all purposes is represented by and acting through its general partner Pfizer Manufacturing Holdings LLC, a limited liability company organized under the laws of the State of Delaware, and having its address at 235 East 42nd Street, New York, New York 10017. PF PRISM C.V. is the holder of New Drug Application ("NDA") No. 202324 for the manufacture and sale of axitinib tablets, 1 mg and 5 mg, which has been approved by the FDA.

5. Plaintiff Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

6. Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in

Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands

7. Plaintiff Pfizer Manufacturing Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.  Pfizer Manufacturing Holdings LLC is a general partner of PF PRISM C.V.

8. Upon information and belief, defendant Glenmark Pharmaceuticals Limited is a company organized and existing under the laws of the Republic of India with a place of business at Plot No. B-25, MIDC Shendra Five Star, Aurangabad, Maharashtra 431001, India.

9. Upon information and belief, defendant Glenmark Pharmaceuticals Limited is a generic pharmaceutical company that develops, manufactures, markets, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States in concert with its subsidiary Glenmark Pharmaceuticals Inc., USA.

10. Upon information and belief, defendant Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware with its principal place of business 750 Corporate Drive, Mahwah, New Jersey 07430.

11. Upon information and belief, Glenmark Pharmaceuticals Inc., USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

12. Upon information and belief, the acts of Glenmark Pharmaceuticals Limited complained of herein were done with the cooperation, participation, and assistance of Glenmark Pharmaceuticals Inc., USA.  Upon information and belief, Glenmark Pharmaceuticals Inc.,

USA is a wholly owned subsidiary of Glenmark Pharmaceuticals Limited, and is controlled and/or dominated by Glenmark Pharmaceuticals Limited.

13. Upon information and belief, and consistent with their practice with respect to other generic products, following any FDA approval of ANDA No. 213235, Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA will act in concert to distribute and sell the generic product described in ANDA No. 213235 throughout the United States and within Delaware.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. Glenmark Pharmaceuticals Limited is subject to personal jurisdiction in Delaware because, among other things, Glenmark Pharmaceuticals Limited, itself and through its wholly-owned subsidiary Glenmark Pharmaceuticals Inc., USA, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Glenmark Pharmaceuticals Limited, itself and through its wholly-owned subsidiary Glenmark Pharmaceuticals Inc., USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Glenmark Pharmaceuticals Limited is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Glenmark Pharmaceuticals Inc., USA and therefore the activities of Glenmark Pharmaceuticals Inc., USA in this jurisdiction are attributed to Glenmark Pharmaceuticals Limited.

16. Glenmark Pharmaceuticals Inc., USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and

protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, Glenmark Pharmaceuticals Inc., USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

17. Glenmark has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

18. Upon information and belief, Glenmark, with knowledge of the Hatch-Waxman Act process, directed Glenmark's Notice Letter to, *inter alia*, Pfizer Inc., an entity incorporated in Delaware, and alleged in Glenmark's Notice Letter that Glenmark's ANDA Product will not infringe Pfizer's '140 patent. Upon information and belief, Glenmark knowingly and deliberately challenged Pfizer's patent rights, and knew when it did so that it was triggering the forty-five day period for Pfizer to bring an action for patent infringement under the Hatch-Waxman Act.

19. Because Pfizer is incorporated in Delaware, Pfizer suffers injury and consequences from Glenmark's filing of Glenmark's ANDA, challenging Pfizer's patent rights,

in Delaware.  Upon information and belief, Glenmark knew that it was deliberately challenging the patent rights of a Delaware entity and seeking to invalidate intellectual property held in Delaware.  Glenmark has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Glenmark's Notice Letter to Pfizer Inc., a Delaware corporation, that it would be sued in Delaware for patent infringement.

20.     Upon information and belief, if Glenmark's ANDA is approved, Glenmark will directly or indirectly manufacture, market, sell, and/or distribute Glenmark's ANDA Product within the United States, including in Delaware, consistently with Glenmark's practices for the marketing and distribution of other generic pharmaceutical products.  Upon information and belief, Glenmark regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  Upon information and belief, Glenmark's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  Upon information and belief, Glenmark's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of Pfizer's patents in the event that Glenmark's ANDA Product is approved before the patents expire.

21.     Upon information and belief, Glenmark derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Glenmark and/or for which Glenmark Pharmaceuticals Limited or Glenmark Pharmaceuticals Inc., USA is the named applicant on approved ANDAs.  Upon information and

belief, various products for which Glenmark Pharmaceuticals Limited or Glenmark Pharmaceuticals Inc., USA is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

22. Venue is proper in this district for Glenmark Pharmaceuticals Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Glenmark Pharmaceuticals Limited is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

23. Venue is proper in this district for Glenmark Pharmaceuticals Inc., USA pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## BACKGROUND

24. Pfizer is the holder of approved NDA No. 202324 for the manufacture and sale of axitinib tablets, 1 mg and 5 mg, approved by the FDA for the treatment of advanced renal cell carcinoma after failure of one prior systemic therapy. Pfizer markets and sells axitinib tablets, 1 mg and 5 mg, under the trade name Inlyta®. Inlyta® was approved by the FDA on January 27, 2012.

25. The '140 patent, entitled "Crystalline Forms of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyondazole Suitable for the Treatment of Abnormal Cell Growth in Mammals" (Exhibit A hereto), and owned by Pfizer Inc., was duly and legally issued by the United States Patent and Trademark Office ("PTO") on July 29, 2014. The '140 patent is listed in the FDA's publication, *Approved Drug Products*

*with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book") in connection with Inlyta®.

26. In 2011, PF PRISM C.V. took an exclusive license to, *inter alia*, patent application no. 12/594,575 (which later issued as the '140 patent). Thereafter, on March 28, 2017, PF PRISM C.V. contributed its rights under the exclusive license to Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. On May 27, 2019, Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. contributed its rights under the exclusive license to PF PRISM IMB B.V.

27. Pfizer has all right, title, and interest in the '140 patent, including the right to sue for infringement thereof.

28. Upon information and belief, Glenmark filed or caused to be filed with the FDA ANDA No. 213235 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of Axitinib tablets, 1 mg and 5 mg ("Glenmark's ANDA Product") in the United States before the expiration of the '140 patent.

29. Upon information and belief, Glenmark's ANDA No. 213235 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), alleging that the claims of the '140 patent would not be infringed by Glenmark's ANDA Product.

30. Glenmark sent or caused to be sent to Pfizer a letter dated May 13, 2019 ("Notice Letter"), received by Pfizer on May 14, 2019, notifying Pfizer that Glenmark's ANDA No. 213235 includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of Glenmark's ANDA Product before the expiration of the '140 patent and providing information pursuant to 21 U.S.C. § 355(j)(2)(B). Glenmark's Notice Letter states that "the FDA has received an [ANDA] from Glenmark for Glenmark's axitinib tablets,

1 mg and 5 mg." Glenmark's Notice Letter further states "[t]he ANDA was submitted under 21 U.S.C. §§ 355(j)(l) and (2)(A), and contains a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of Axitinib Tablets, 1 mg and 5 mg, before the expiration of the '140 patent . . . ."

31.     The purpose of Glenmark's submission of ANDA No. 213235 was to obtain approval under the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Glenmark's ANDA Product prior to the expiration of the '140 patent.

32.     Upon information and belief, Glenmark's ANDA Product is covered by one or more claims of the '140 patent.

33.     The submission of ANDA No. 213235 to the FDA constituted infringement by Glenmark of the '140 patent under 35 U.S.C. § 271(e)(2). Moreover, any commercial manufacture, use, sale, offer for sale, or importation of Glenmark's ANDA Product would infringe the '140 patent under 35 U.S.C. § 271(a), (b) and/or (c).

34.     An actual case or controversy exists between Pfizer and Glenmark with respect to infringement of the '140 patent.

35.     This action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.

## CLAIM FOR RELIEF – INFRINGEMENT OF U.S. PATENT NO. 8,791,140

36.     Pfizer incorporates each of the preceding paragraphs 1–35 as if fully set forth herein.

37.     Upon information and belief, Glenmark's ANDA Product infringes one or more claims of the '140 patent either literally or under the doctrine of equivalents.

38. As an example, claim 1 of the '140 patent recites a compound comprising: "[a] crystalline form of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyl] indazole, wherein said crystalline form has a powder X-ray diffraction pattern comprising a peak at diffraction angle ($2\theta$) of $6.0\pm0.1$ and further comprising at least one peak at diffraction angle ($2\theta$) selected from $11.5\pm0.1$, $21.0\pm0.1$ and $26.9\pm0.1$."

39. Upon information and belief, Glenmark's ANDA Product infringes claims 1–6 of the '140 patent literally or under the doctrine of equivalents.

40. Glenmark's submission of ANDA No. 213235 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Glenmark's ANDA Product prior to the expiration of the '140 patent infringed the '140 patent under 35 U.S.C. § 271(e)(2)(A).

41. Upon information and belief, Glenmark will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Glenmark's ANDA Product immediately and imminently upon approval of ANDA No. 213235.

42. Upon information and belief, the manufacture, use, offer for sale, marketing, distribution, and/or importation of Glenmark's ANDA Product would infringe one or more claims of the '140 patent under 35 U.S.C. § 271.

43. Upon information and belief, Glenmark plans and intends to, and will, actively induce infringement of the '140 patent when ANDA No. 213235 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

44. Glenmark has knowledge of the '140 patent.

45. Upon FDA approval of ANDA No. 213235, Glenmark will intentionally encourage acts of direct infringement of one of more claims of the '140 patent by others, with knowledge that their acts are encouraging infringement.

46. The foregoing actions by Glenmark constitute and/or will constitute infringement of the '140 patent, active inducement of infringement of the '140 patent, and/or contribution to the infringement by others of the '140 patent.

47. Upon information and belief, Glenmark has acted with full knowledge of the '140 patent and without a reasonable basis for believing that Glenmark would not be liable for infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent.

48. Unless Glenmark is enjoined from infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

49. Glenmark's submission of ANDA No. 213235 with knowledge of the '140 patent and its infringement of that patent makes this case exceptional.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a)  A judgment that Glenmark has infringed the '140 patent;

(b)  A judgment ordering that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Glenmark's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent be not earlier than the expiration date of the '140 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Glenmark's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '140 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Glenmark's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent prior to the expiration date of the '140 patent, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '140 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. §§ 285;

(f) An award of Pfizer's costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Thomas H.L. Selby<br>Stanley E. Fisher<br>Omid G. Banuelos<br>Michael Xun Liu<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC  20005<br>(202) 434-5000<br><br>June 26, 2019 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br><br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mdellinger@mnat.com<br><br>*Attorneys for Plaintiffs* |