**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PFIZER INC., PF PRISM C.V., PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V., PF PRISM IMB B.V. and PFIZER MANUFACTURING HOLDINGS LLC,<br><br>              Plaintiffs,<br><br>       v.<br><br>GLENMARK PHARMACEUTICALS LIMITED and GLENMARK PHARMACEUTICALS INC., USA,<br><br>              Defendants. | CA. No. 1:19-cv-1209-RGA<br><br>**REDACTED PUBLIC VERSION** |

## GLENMARK'S ANSWER, DEFENSES AND COUNTERCLAIMS

Defendants Glenmark Pharmaceuticals Limited ("GPL") and Glenmark Pharmaceuticals Inc., USA ("Glenmark USA") (collectively "Glenmark") hereby submit their Answer, Defenses and Counterclaims to the June 26, 2019 Complaint for Patent Infringement filed by Plaintiffs Pfizer Inc., PF PRISM C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., PF PRISM IMB B.V., and Pfizer Manufacturing Holdings LLC (collectively "Plaintiffs") in *Pfizer Inc. et al. v. Glenmark Pharm. Ltd. et al.*, No. 19-cv-1209-RGA (D. Del.).  According to Federal Rule of Civil Procedure 8(b)(3), Glenmark denies every allegation not expressly admitted herein.

**1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission of Abbreviated New Drug Application ("ANDA") No. 213235 submitted to the U.S. Food and Drug Administration ("FDA") in the name of Glenmark Pharmaceuticals Limited seeking approval to manufacture and sell a generic version of Pfizer's Inlyta® (axitinib) tablets, 1 mg and 5 mg, ("Inlyta®") prior to the expiration of U.S. Patent No. 8,791,140 ("the '140 patent").**

**ANSWER**:    Paragraph 1 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that Plaintiffs brought an action for infringement of U.S. Patent No. 8,791,140 ("the 140 patent").  Glenmark further admits that this action purports to relate to GPL's Abbreviated New Drug Application ("ANDA") No. 213235 ("GPL ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, use, or sell axitinib tablets, 1 mg and 5 mg.  ANDA No. 213235 identifies "Inlyta®" as the Reference Listed Drug ("RLD") and references the 140 patent. Glenmark denies any and all remaining allegations of Paragraph 1.

**2.    Glenmark Pharmaceuticals Limited notified Pfizer by letter dated May 13, 2019 ("Glenmark's Notice Letter") that it had submitted to the FDA ANDA No. 213235 ("Glenmark's ANDA"), with a Paragraph IV certification, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic axitinib tablets, 1 mg and 5 mg ("Glenmark's ANDA Product"), prior to the expiration of the '140 patent.**

**ANSWER**:    Paragraph 2 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits GPL provided Pfizer Inc., PF Prism C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., and Pfizer Manufacturing Holdings LLC with written notice pursuant to § 505(j)(2)(B)(ii)-(iv) and 21 C.F.R. § 314.95 ("GPL's Notice Letter") that FDA had received ANDA No. 213235, with a paragraph IV certification, to obtain approval to engage in the commercial manufacture, use, or sale of axitinib tablets, 1 mg and 5 mg.  Glenmark denies any and all remaining allegations of Paragraph 2.

**3.    Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.**

**ANSWER**:    Paragraph 3 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4.     **Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, that for all purposes is represented by and acting through its general partner Pfizer Manufacturing Holdings LLC, a limited liability company organized under the laws of the State of Delaware, and having its address at 235 East 42nd Street, New York, New York 10017.  PF PRISM C.V. is the holder of New Drug Application ("NDA") No. 202324 for the manufacture and sale of axitinib tablets, 1 mg and 5 mg, which has been approved by the FDA.**

**ANSWER**:     Paragraph 4 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that the electronic version of FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book"), identifies "PF PRISM CV" as the purported "Applicant Holder" for "INLYTA" (axitinib, tablets, 1 mg and 5 mg).  Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies them.

5.     **Plaintiff Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.**

**ANSWER**:     Paragraph 5 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6.     **Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands**

**ANSWER**:     Paragraph 6 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

**7.      Plaintiff Pfizer Manufacturing Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.  Pfizer Manufacturing Holdings LLC is a general partner of PF PRISM C.V.**

**ANSWER**:      Paragraph 7 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

**8.      Upon information and belief, defendant Glenmark Pharmaceuticals Limited is a company organized and existing under the laws of the Republic of India with a place of business at Plot No. B-25, MIDC Shendra Five Star, Aurangabad, Maharashtra 431001, India.**

**ANSWER**:      Paragraph 8 contains legal conclusions and allegations to which no answer is required.  Glenmark admits that GPL is a corporation organized and existing under the laws of India.  Glenmark denies any and all remaining allegations of Paragraph 8.

**9.      Upon information and belief, defendant Glenmark Pharmaceuticals Limited is a generic pharmaceutical company that develops, manufactures, markets, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States in concert with its subsidiary Glenmark Pharmaceuticals Inc., USA.**

**ANSWER**:      Paragraph 9 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that GPL develops and manufactures, and that Glenmark USA markets and sells, pharmaceutical products in the United States, including quality generic medicines.  Glenmark denies any and all remaining allegations of Paragraph 9.

**10.      Upon information and belief, defendant Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware with its principal place of business 750 Corporate Drive, Mahwah, New Jersey 07430.**

**ANSWER**:    Paragraph 10 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that Glenmark USA is an entity organized and existing under the laws of the State of Delaware and having a place of business at 750 Corporate Drive, Mahwah, New Jersey 07430.  Glenmark denies any and all remaining allegations of Paragraph 10.

**11.    Upon information and belief, Glenmark Pharmaceuticals Inc., USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.**

**ANSWER**:    Paragraph 11 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that Glenmark USA sells pharmaceutical products in the United States, including quality generic medicines. Glenmark denies any and all remaining allegations of Paragraph 11.

**12.    Upon information and belief, the acts of Glenmark Pharmaceuticals Limited complained of herein were done with the cooperation, participation, and assistance of Glenmark Pharmaceuticals Inc., USA.    Upon information and belief, Glenmark Pharmaceuticals Inc., USA is a wholly owned subsidiary of Glenmark Pharmaceuticals Limited, and is controlled and/or dominated by Glenmark Pharmaceuticals Limited.**

**ANSWER**:    Paragraph 12 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that Glenmark USA is a subsidiary of GPL.  Glenmark denies any and all remaining allegations of Paragraph 12.

**13.    Upon information and belief, and consistent with their practice with respect to other generic products, following any FDA approval of ANDA No. 213235, Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA will act in concert to distribute and sell the generic product described in ANDA No. 213235 throughout the United States and within Delaware.**

**ANSWER**:    Paragraph 13 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that the GPL

ANDA seeks approval to manufacture, use, or sell axitinib tablets, 1 mg and 5 mg.  Glenmark

denies any and all remaining allegations of Paragraph 13.

14.   **This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).**

**ANSWER**:   Paragraph 14 contains legal conclusions and allegations to which no

answer is required.  To the extent an answer is required, Glenmark admits that subject matter

jurisdiction is proper solely for claims asserted against GPL for alleged infringement of the 140

patent under 35 U.S.C. § 271(e)(2)(A).  Glenmark denies any and all remaining allegations of

Paragraph 14.

15.   **Glenmark Pharmaceuticals Limited is subject to personal jurisdiction in Delaware because, among other things, Glenmark Pharmaceuticals Limited, itself and through its wholly-owned subsidiary Glenmark Pharmaceuticals Inc., USA, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Glenmark Pharmaceuticals Limited, itself and through its wholly-owned subsidiary Glenmark Pharmaceuticals Inc., USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Glenmark Pharmaceuticals Limited is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Glenmark Pharmaceuticals Inc., USA and therefore the activities of Glenmark Pharmaceuticals Inc., USA in this jurisdiction are attributed to Glenmark Pharmaceuticals Limited.**

**ANSWER**:   Paragraph 15 contains legal conclusions, opinions and allegations to which

no answer is required.  To the extent an answer is required, denied.  Further answering,

Glenmark does not contest personal jurisdiction solely for the limited purposes of this action

only.  Glenmark denies any and all remaining allegations of Paragraph 15.

16.   **Glenmark Pharmaceuticals Inc., USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, upon information and belief, Glenmark**

Pharmaceuticals Inc., USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

**ANSWER**:    Paragraph 16 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark does not contest personal jurisdiction solely for the limited purposes of this action only.  Glenmark further admits that Glenmark USA is a corporation organized and existing under the laws of the State of Delaware. Glenmark denies any and all remaining allegations of Paragraph 16.

17.    **Glenmark has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.**

**ANSWER**:    Paragraph 17 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that GPL has previously submitted ANDAs with paragraph IV certifications; served the requisite notice in connection with such ANDAs; and been sued for alleged patent infringement in connection with such ANDAs.  Glenmark denies any and all remaining allegations of Paragraph 17.

18.    **Upon information and belief, Glenmark, with knowledge of the Hatch-Waxman Act process, directed Glenmark's Notice Letter to, *inter alia*, Pfizer Inc., an entity incorporated in Delaware, and alleged in Glenmark's Notice Letter that Glenmark's ANDA Product will not infringe Pfizer's '140 patent.  Upon information and belief, Glenmark knowingly and deliberately challenged Pfizer's patent rights, and knew when it did so that it was triggering the forty-five day period for Pfizer to bring an action for patent infringement under the Hatch-Waxman Act.**

**ANSWER**:    Paragraph 18 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits GPL provided Pfizer Inc., PF Prism C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., and Pfizer

Manufacturing Holdings LLC with GPL's Notice Letter on or about May 13, 2019.  Glenmark

denies any and all remaining allegations of Paragraph 18.

19.    Because Pfizer is incorporated in Delaware, Pfizer suffers injury and
consequences from Glenmark's filing of Glenmark's ANDA, challenging Pfizer's patent
rights, in Delaware.  Upon information and belief, Glenmark knew that it was deliberately
challenging the patent rights of a Delaware entity and seeking to invalidate intellectual
property held in Delaware.  Glenmark has been a litigant in connection with other
infringement actions under the Hatch-Waxman Act, and reasonably should have
anticipated that by sending Glenmark's Notice Letter to Pfizer Inc., a Delaware
corporation, that it would be sued in Delaware for patent infringement.

ANSWER:    Paragraph 19 contains legal conclusions, opinions, and allegations to

which no answer is required.  To the extent an answer is required, denied.

20.    Upon information and belief, if Glenmark's ANDA is approved, Glenmark
will directly or indirectly manufacture, market, sell, and/or distribute Glenmark's ANDA
Product within the United States, including in Delaware, consistently with Glenmark's
practices for the marketing and distribution of other generic pharmaceutical products.
Upon information and belief, Glenmark regularly does business in Delaware, and its
practices with other generic pharmaceutical products have involved placing those products
into the stream of commerce for distribution throughout the United States, including in
Delaware.  Upon information and belief, Glenmark's generic pharmaceutical products are
used and/or consumed within and throughout the United States, including in Delaware.
Upon information and belief, Glenmark's ANDA Product will be prescribed by physicians
practicing in Delaware, dispensed by pharmacies located within Delaware, and used by
patients in Delaware.  Each of these activities would have a substantial effect within
Delaware and would constitute infringement of Pfizer's patents in the event that
Glenmark's ANDA Product is approved before the patents expire.

ANSWER:    Paragraph 20 contains legal conclusions, opinions and allegations to which

no answer is required.  To the extent an answer is required, Glenmark admits that GPL submitted

ANDA No. 213235 to FDA to obtain approval to engage in commercial, manufacture, use or sale

of axitinib tablets, 1 mg and 5 mg ("Glenmark's ANDA Products").  Glenmark denies any and

all remaining allegations of Paragraph 20.

21.    Upon information and belief, Glenmark derives substantial revenue from
generic pharmaceutical products that are used and/or consumed within Delaware, and
which are manufactured by Glenmark and/or for which Glenmark Pharmaceuticals
Limited or Glenmark Pharmaceuticals Inc., USA is the named applicant on approved
ANDAs.    Upon    information    and    belief,    various    products    for    which    Glenmark

Pharmaceuticals Limited or Glenmark Pharmaceuticals Inc., USA is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**ANSWER**:     Paragraph 21 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that GPL is the named applicant for ANDA No. 213235.  Glenmark denies any and all remaining allegations of Paragraph 21.

22.     **Venue is proper in this district for Glenmark Pharmaceuticals Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Glenmark Pharmaceuticals Limited is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.**

**ANSWER**:     Paragraph 22 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, denied.  Further answering, Glenmark does not contest venue solely for the limited purposes of this action only.  Glenmark denies any and all remaining allegations of Paragraph 22.

23.     **Venue is proper in this district for Glenmark Pharmaceuticals Inc., USA pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Glenmark Pharmaceuticals Inc., USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.**

**ANSWER**:     Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required, Glenmark does not contest that venue solely for the limited purposes of this action only.  Glenmark further admits that Glenmark USA is a corporation organized and existing under the laws of the State of Delaware.  Glenmark denies any and all remaining allegations of Paragraph 23.

24.     **Pfizer is the holder of approved NDA No. 202324 for the manufacture and sale of axitinib tablets, 1 mg and 5 mg, approved by the FDA for the treatment of advanced renal cell carcinoma after failure of one prior systemic therapy.  Pfizer markets and sells axitinib tablets, 1 mg and 5 mg, under the trade name Inlyta®.  Inlyta® was approved by the FDA on January 27, 2012.**

**ANSWER**:   Paragraph 24 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, according to the FDA's website, Inlyta® was approved by the FDA on January 27, 2012.  Glenmark lacks knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 24 and therefore denies them.

**25.   The '140 patent, entitled "Crystalline Forms of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyondazole Suitable for the Treatment of Abnormal Cell Growth in Mammals" (Exhibit A hereto), and owned by Pfizer Inc., was duly and legally issued by the United States Patent and Trademark Office ("PTO") on July 29, 2014.  The '140 patent is listed in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations (commonly known as "the Orange Book") in connection with Inlyta®.**

**ANSWER**:   Paragraph 25 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that a purported copy of the 140 patent is attached to Plaintiffs' Complaint as Exhibit A; that the 140 patent is titled "Crystalline Forms of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl) ethenyondazole Suitable for the Treatment of Abnormal Cell Growth in Mammals"; and that it bears an issuance date of July 29, 2014.  Glenmark further admits that the face of the 140 patent identifies Pfizer Inc. as the assignee, and that the Orange Book lists the 140 patent in connection with Inlyta®.  Glenmark denies any and all remaining allegations of Paragraph 25.

**26.   In 2011, PF PRISM C.V. took an exclusive license to, inter alia, patent application no. 12/594,575 (which later issued as the '140 patent).  Thereafter, on March 28, 2017, PF PRISM C.V. contributed its rights under the exclusive license to Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V.   On May 27, 2019, Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. contributed its rights under the exclusive license to PF PRISM IMB B.V.**

**ANSWER**:   Paragraph 26 contains legal conclusions and allegations to which no answer is required.   To the extent an answer is required, Glenmark lacks knowledge and

information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

**27.   Pfizer has all right, title, and interest in the '140 patent, including the right to sue for infringement thereof.**

**ANSWER**:   Paragraph 27 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that the face of the 140 patent identifies "Pfizer Inc." as the assignee.  Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and therefore denies them.

**28.   Upon information and belief, Glenmark filed or caused to be filed with the FDA ANDA No. 213235 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of Axitinib tablets, 1 mg and 5 mg ("Glenmark's ANDA Product") in the United States before the expiration of the '140 patent.**

**ANSWER**:   Paragraph 28 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits GPL filed ANDA No. 213235 with FDA seeking approval for the commercial manufacture, use, and sale of axitinib tablets, 1 mg and 5 mg.  Glenmark denies any and all remaining allegations of Paragraph 28.

**29.   Upon information and belief, Glenmark's ANDA No. 213235 contains a certification pursuant to 21 U.S.C. § 355G)(2)(A)(vii)(IV) ("paragraph IV certification"), alleging that the claims of the '140 patent would not be infringed by Glenmark's ANDA Product.**

**ANSWER**:   Paragraph 29 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that the GPL ANDA contains a certification pursuant to 21 U.S.C. § 355G)(2)(A)(vii)(IV), which alleges, *inter alia*, that the claims of the 140 patent would not be infringed by Glenmark's ANDA Products. Glenmark denies any and all remaining allegations of Paragraph 29.

**30.   Glenmark sent or caused to be sent to Pfizer a letter dated May 13, 2019 ("Notice Letter"), received by Pfizer on May 14, 2019, notifying Pfizer that Glenmark's**

ANDA No. 213235 includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of Glenmark's ANDA Product before the expiration of the '140 patent and providing information pursuant to 21 U.S.C. § 355(j)(2)(B). Glenmark's Notice Letter states that "the FDA has received an [ANDA] from Glenmark for Glenmark's axitinib tablets, 1 mg and 5 mg." Glenmark's Notice Letter further states "[t]he ANDA was submitted under 21 U.S.C. §§ 355(j)(l) and (2)(A), and contains a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of Axitinib Tablets, 1 mg and 5 mg, before the expiration of the '140 patent . . . ."

ANSWER:   Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Glenmark admits that GPL provided GPL's Notice Letter dated May 13, 2019 to Pfizer Inc., PF Prism C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., and Pfizer Manufacturing Holdings LLC. Glenmark further admits that GPL's Notice Letter states "the FDA has received an [ANDA] from Glenmark for Axitinib Tablets, 1 mg and 5 mg," and "[t]he ANDA was submitted under 21 U.S.C. §§ 355(j)(1) and (2)(A), and contains a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of Axitinib Tablets, 1 mg and 5 mg, before the expiration of the 140 patent . . . ." Glenmark denies any and all remaining allegations of Paragraph 30.

31.   The purpose of Glenmark's submission of ANDA No. 213235 was to obtain approval under the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Glenmark's ANDA Product prior to the expiration of the '140 patent.

ANSWER:   Paragraph 31 contains legal conclusions, opinions and allegations to which no answer is required. To the extent an answer is required, Glenmark admits that GPL submitted ANDA No. 213235 to FDA, seeking approval to engage in the commercial manufacture, use or sale of axitinib tablets, 1 mg and 5 mg, prior to the expiration of the 140 patent. Glenmark denies any and all remaining allegations of Paragraph 31.

32.   Upon information and belief, Glenmark's ANDA Product is covered by one or more claims of the '140 patent.

ANSWER:   Denied.

12

33.    The submission of ANDA No. 213235 to the FDA constituted infringement by **Glenmark of the '140 patent under 35 U.S.C. § 271(e)(2).  Moreover, any commercial manufacture, use, sale, offer for sale, or importation of Glenmark's ANDA Product would infringe the '140 patent under 35 U.S.C. § 271(a), (b) and/or (c).**

**ANSWER**:    Denied.

34.    **An actual case or controversy exists between Pfizer and Glenmark with respect to infringement of the '140 patent.**

**ANSWER**:    Paragraph 34 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, denied.

35.    **This action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.**

**ANSWER**:    Paragraph 35 contains legal conclusions, opinions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that GPL's Notice Letter is dated May 13, 2019 and Plaintiffs filed this Complaint on June 26, 2019.  Glenmark denies any and all remaining allegations of Paragraph 35.

36.    **Pfizer incorporates each of the preceding paragraphs 1-35 as if fully set forth herein.**

**ANSWER**:    Glenmark restates and incorporates by reference each of its responses to Paragraphs 1-35 as if fully set forth herein.

37.    **Upon information and belief, Glenmark's ANDA Product infringes one or more claims of the '140 patent either literally or under the doctrine of equivalents.**

**ANSWER**:    Denied.

38.    **As an example, claim 1 of the '140 patent recites a compound comprising: "[a] crystalline form of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyl]indazole, wherein said crystalline form has a powder X-ray diffraction pattern comprising a peak at diffraction angle (2θ) of 6.0±0.1 and further comprising at least one peak at diffraction angle (2θ) selected from 11.5±0.1, 21.0±0.1 and 26.9±0.1."**

**ANSWER**:    Paragraph 38 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits claim 1 of the 140

patent reads as follows: "[a] crystalline form of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyl]indazole, wherein said crystalline form has a powder X-ray diffraction pattern comprising a peak at diffraction angle (2θ) of 6.0±0.1 and further comprising at least one peak at diffraction angle (2θ) selected from 11.5±0.1, 21.0±0.1 and 26.9±0.1." Glenmark denies any and all remaining allegations of Paragraph 38.

39.     Upon information and belief, Glenmark's ANDA Product infringes claims 1-6 of the '140 patent literally or under the doctrine of equivalents.

ANSWER:     Denied.

40.     Glenmark's submission of ANDA No. 213235 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Glenmark's ANDA Product prior to the expiration of the '140 patent infringed the '140 patent under 35 U.S.C. § 271 (e)(2)(A).

ANSWER:     Denied.

41.     Upon information and belief, Glenmark will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Glenmark's ANDA Product immediately and imminently upon approval of ANDA No. 213235.

ANSWER:     Paragraph 41 contains legal conclusions and allegations to which no answer is required.   To the extent an answer is required, Glenmark lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies them.

42.     Upon information and belief, the manufacture, use, offer for sale, marketing, distribution, and/or importation of Glenmark's ANDA Product would infringe one or more claims of the '140 patent under 35 U.S.C. § 271.

ANSWER:     Denied.

43.     Upon information and belief, Glenmark plans and intends to, and will, actively induce infringement of the '140 patent when ANDA No. 213235 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

ANSWER:     Denied.

44.     Glenmark has knowledge of the '140 patent.

**ANSWER**:    Paragraph 44 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Glenmark admits that GPL provided GPL's Notice Letter dated May 13, 2019 to Pfizer Inc., PF Prism C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., and Pfizer Manufacturing Holdings LLC.  Glenmark further admits that GPL's Notice Letter states "the FDA has received an [ANDA] from Glenmark for Axitinib Tablets, 1 mg and 5 mg," and "[t]he ANDA was submitted under 21 U.S.C. §§ 355(j)(1) and (2)(A), and contains a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of Axitinib Tablets, 1 mg and 5 mg, before the expiration of the 140 patent . . . ."  Glenmark denies any and all remaining allegations of Paragraph 44.

45.   **Upon FDA approval of ANDA No. 213235, Glenmark will intentionally encourage acts of direct infringement of one of more claims of the '140 patent by others, with knowledge that their acts are encouraging infringement.**

**ANSWER**:    Denied.

46.   **The foregoing actions by Glenmark constitute and/or will constitute infringement of the '140 patent, active inducement of infringement of the '140 patent, and/or contribution to the infringement by others of the '140 patent.**

**ANSWER**:    Denied.

47.   **Upon information and belief, Glenmark has acted with full knowledge of the '140 patent and without a reasonable basis for believing that Glenmark would not be liable for infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent.**

**ANSWER**:    Denied.

48.   **Unless Glenmark is enjoined from infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.**

**ANSWER**:    Denied.

49.   **Glenmark's submission of ANDA No. 213235 with knowledge of the '140 patent and its infringement of that patent makes this case exceptional.**

**ANSWER**:   Denied.

\*       \*       \*

Glenmark denies any and all allegations not expressly admitted herein.  Glenmark further denies that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever. Glenmark respectfully requests that the Court: (a) dismiss this action with prejudice; (b) enter judgment in favor of Glenmark; (c) award Glenmark its reasonable attorneys' fees and costs incurred in defending this action pursuant to 35 U.S.C. § 285; and (d) award Glenmark such further relief as the Court deems just and appropriate.

\*       \*       \*

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The proposed manufacture, use, sale, offer for sale, importation, and/or marketing of Glenmark's ANDA Products has not infringed, does not infringe, and will not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the 140 patent, either literally or under the doctrine of equivalents.

### Third Defense

Glenmark has not induced, does not induce, and will not induce infringement of any valid and/or enforceable claim of the 140 patent.

### Fourth Defense

Glenmark has not contributed, does not contribute, and will not contribute to infringement of any valid and/or enforceable claim of the 140 patent.

**Fifth Defense**

The claims of the 140 patent are invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or for obviousness-type double patenting.

**Sixth Defense**

Any additional defenses or counterclaims that discovery may reveal.

\*        \*        \*

**COUNTERCLAIMS**

Defendants/Counterclaim-Plaintiffs Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA (collectively "Glenmark") for their Counterclaims against Plaintiffs/Counterclaim-Defendants Pfizer Inc., PF PRISM C.V., Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V., PF PRISM IMB B.V., and Pfizer Manufacturing Holdings LLC (collectively, "Plaintiffs"), allege as follows:

**THE PARTIES**

1.       Glenmark Pharmaceuticals Limited ("GPL") is a corporation organized and existing under the laws of India, having a registered office at B/2, Mahalaxmi Chambers, 22, Bhulabhai Desai Road, Mumbai 400026, India.

2.       Glenmark Pharmaceuticals Inc., USA ("Glenmark USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 750 Corporate Drive, Mahwah, New Jersey 07430.

3.       On information and belief, Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.

Case 1:19-cv-01209-RGA   Document 15   Filed 09/03/19   Page 18 of 27 PageID #: 131

4.     On information and belief, PF PRISM C.V. is a company organized and existing under the laws of the Netherlands that for all purposes is represented by and acting through its general partner Pfizer Manufacturing Holdings LLC, a limited liability company organized under the laws of the State of Delaware and having its address at 235 East 42nd Street, New York, New York 10017.

5.     On information and belief, Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. is a private limited liability company organized and existing under the laws of the Netherlands and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

6.     On information and belief, PF PRISM IMB B.V. is a private limited liability company organized and existing under the laws of the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

7.     On information and belief, Pfizer Manufacturing Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.

## JURISDICTION

8.     These Counterclaims arise under the Patent Law of the United States, 35 U.S.C. § 1 et seq.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

9.     This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

10.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges—and subjected themselves to the jurisdiction—of this forum by suing Glenmark in this District, and/or because Plaintiffs conduct substantial business in, and have regular and systematic contact with, this District.

## FACTUAL BACKGROUND

## INLYTA® (axitinib)

11.     PF PRISM CV purports to be the holder of approved New Drug Application ("NDA") No. 202324, under which the United States Food and Drug Administration ("FDA") granted approval for 1 mg and 5 mg tablets marketed in the United States under the trade name INLYTA®.

12.     At the time the Complaint was filed, the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book"), which is published by FDA, listed U.S. Patent No. 8,791,140 ("the 140 patent"), *inter alia*, in connection with NDA No. 202324.

## Patent-in-Suit

13.     On or about March 25, 2008, U.S. Patent Application No. 12/597,575 ("the 575 application") was filed with the United States Patent and Trademark Office ("PTO").

14.     During prosecution of the 575 application, applicants limited the claims of the 140 patent to Form XLI.  *See, e.g.*, 140 Patent File History, 8/29/2012 Amendment at 7 ("The present invention is not only limited to the crystalline nature of Form XLI . . . , but is further limited to the specific molecular arrangements and conformations of the molecules that define Form XLI."); *Markman Order* at 2, *Pfizer Inc. v. Apotex Inc.*, No. 18-cv-795-RGA (D. Del. June 28, 2019), D.I. 58 ("On the 'crystalline form' term, I ruled that the Applicant disclaimed forms of [axitinib] other than Form XLI. . . .   The Parties agreed at oral argument that Form XLI is the

claimed invention.  They didn't even seriously dispute that only Form XLI, and not some other Form of axitinib, produces the claimed peaks and chemical shifts.").

15.    On or about July 29, 2014, the PTO issued the 140 patent, titled "CRYSTALLINE FORMS OF 6-[2-(METHYLCARBAMOYL)PHENYLSULFANYL]-3-E-[2-(PYRIDIN-2-YL)ETHENYONDAZOLE SUITABLE FOR THE TREATMENT OF ABNORMAL CELL GROWTH IN MAMMALS," to Anthony Michael Campeta, Brian Patrick Chekal, and Robert Alan Singer.

16.    The 140 patent includes the following information:

> Crystalline Form XLI of Compound 1 was characterized by the PXRD pattern shown in FIG. **6**. The PXRD pattern of Form XLI, expressed in terms of the degree (2θ) and relative intensities with a relative intensity of ≥2.0%, measured on a Bruker D5000 diffractometer with CuKα radiation, is also shown in Table 6.

| TABLE 6 | |
| --- | --- |
| Angle (Degree 2θ) | Relative Intensity* (≥2.0%) |
| 6.0 | 15.1 |
| 11.5 | 14.6 |
| 11.9 | 100.0 |
| 12.5 | 3.1 |
| 12.9 | 3.3 |
| 14.9 | 7.7 |
| 15.6 | 8.9 |
| 16.2 | 9.7 |
| 16.5 | 3.6 |
| 17.9 | 5.1 |
| 19.9 | 4.3 |
| 20.7 | 6.8 |
| 21.0 | 12.5 |
| 21.6 | 6.3 |
| 22.4 | 2.6 |
| 22.8 | 11.4 |
| 23.1 | 12.8 |
| 24.2 | 2.6 |
| 24.5 | 3.2 |
| 25.0 | 3.2 |
| 25.3 | 3.9 |
| 25.6 | 4.1 |
| 25.9 | 6.1 |
| 26.4 | 3.2 |
| 26.9 | 11.7 |
| 27.7 | 3.7 |
| 28.0 | 3.7 |
| 28.1 | 3.9 |
| 28.5 | 2.8 |
| 29.9 | 2.1 |
| 30.9 | 2.6 |
| 31.5 | 4.6 |
| 32.9 | 2.7 |
| 33.2 | 4.0 |
| 34.8 | 2.3 |
| 35.0 | 3.7 |
| 36.1 | 2.7 |

*The relative intensities may change depending on the crystal size and morphology.

140 patent at column 21, line 62 – column 22, line 35.

17.     Pfizer Inc. is listed as "assignee" of the 140 patent on the face of the 140 patent.

18.     PF PRISM IMB B.V. purports and claims to be the exclusive licensee of the 140 patent.

19.     On information and belief, Pfizer Inc. and/or PF PRISM IMB B.V. claims and purports to have the right to enforce the 140 patent.

███████████████████████████████████████████████

20.    By listing the 140 patent in the Orange Book, Plaintiffs maintain that an infringement suit can reasonably be asserted against any generic Abbreviated New Drug Application ("ANDA") applicant—including GPL—that attempts to seek approval for, and market, a generic version of INLYTA® before the expiration of the 140 patent.

**GPL ANDA Products**

21.    GPL has filed ANDA No. 213235 ("GPL ANDA") with FDA.

22.    Because the GPL ANDA seeks FDA approval to market axitinib tablets, 1 mg and 5 mg ("GPL ANDA Products") before the expiration of the 140 patent, the GPL ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the 140 patent.

23.    The GPL ANDA Products are 1 mg and 5 mg axitinib tablets.  ██████████

██

24.    ████████████████████████████████████████

████████████████

25.    ████████████████████████████████████████

███████████████████████████████████████



## COUNT I

**(Declaratory Judgment of Non-Infringement of the 140 Patent)**

26.     Glenmark realleges and incorporates by reference the allegations of paragraphs 1-25 as though fully set forth herein.

27.     A present, genuine, and justiciable controversy exists between Glenmark and Plaintiffs regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the GPL ANDA Products would infringe any valid or enforceable claim of

the 140 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

28.     The manufacture, use, offer for sale, sale, importation, and/or marketing of the GPL ANDA Products would not infringe any valid or enforceable claim of the 140 patent, either directly or indirectly.

29.     Glenmark is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the GPL ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the 140 patent, either literally or under the doctrine of equivalents.

## COUNT II

### (Declaratory Judgment of Invalidity of the 140 Patent)

30.     Glenmark realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

31.     A present, genuine, and justiciable controversy exists between Glenmark and Plaintiffs regarding, *inter alia*, the invalidity of the 140 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

32.     The 140 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or for obviousness-type double patenting.

33.     Glenmark is entitled to a judicial declaration that the 140 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or for obviousness-type double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Glenmark respectfully prays for judgment in its favor and against Plaintiffs:

(a)     Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the GPL ANDA Products have not infringed, do not infringe, and would not—if made used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the 140 patent, either literally or under the doctrine of equivalents;

(b)     Declaring that the claims of the 140 patent are invalid;

(c)     Ordering that Plaintiffs' Complaint be dismissed with prejudice and judgment entered in favor of Glenmark;

(d)     Declaring this case exceptional and awarding Glenmark its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(e)     Awarding Glenmark such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Glenmark hereby demands a jury trial on all issues so triable.

Date:   August 26, 2019               YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                      By:  /s/ *Pilar G. Kraman*
                                             Adam W. Poff (No. 3990)
                                             Pilar G. Kraman (No. 5199)
                                             Rodney Square
                                             1000 North King Street
                                             Wilmington, DE 19801
                                             (302) 571-6600
                                             apoff@ycst.com
                                             pkraman@ycst.com

                                             OF COUNSEL:

                                             William A. Rakoczy
                                             Joseph T. Jaros
                                             Cynthia H. Sun
                                             Xiaomei Cai
                                             RAKOCZY MOLINO MAZZOCHI SIWIK LLP
                                             6 W. Hubbard St., Suite 500
                                             Chicago, IL 60654
                                             (312) 527-2157

                                             *Attorneys for Defendants Glenmark*
                                             *Pharmaceuticals Limited and Glenmark*
                                             *Pharmaceuticals Inc., USA*

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, Esquire, hereby certify that on September 3, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to all registered participants.

I further certify that on September 3, 2019, I caused the foregoing document to be served by e-mail on the following counsel of record:

> Jack B. Blumenfeld
> Megan E. Dellinger
> MORRIS, NICHOLS, ARSHT
> & TUNNELL LLP
> 1201 North Market Street
> Wilmington, DE 19899
> jblumenfeld@mnat.com
> mdellinger@mnat.com
>
> *Counsel for Plaintiffs*

Dated: September 3, 2019                     YOUNG CONAWAY STARGATT
                                              & TAYLOR, LLP

                                             */s/ Pilar G. Kraman*
                                             Adam W. Poff (No. 3990)
                                             Pilar G. Kraman (No. 5199)
                                             Rodney Square
                                             1000 North King Street
                                             Wilmington, DE 19801
                                             (302) 571-6600
                                             apoff@ycst.com
                                             pkraman@ycst.com

                                             *Attorneys for Defendants Glenmark*
                                             *Pharmaceuticals Limited and Glenmark*
                                             *Pharmaceuticals Inc., USA*

24700974.1